UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Guarav Malhotra,

Plaintiff,

-against-

Tao Group Hospitality, LLC; John Does 1–10.,

Defendants.

25-CV-5763 (AS)

OPINION & ORDER

ARUN SUBRAMANIAN, United States District Judge:

Plaintiff Guarav Malholtra has sued Tao Group Hospitality LLC and various John Does on claims for discrimination concerning entrance to Tao's nightclubs, including the Tao Downtown. (Defendants note that "Tao Group Hospitality LLC" is the wrong defendant, and the right one is "BD Stanhope, LLC d/b/a Tao Downtown.") Bottom line, Malholtra complains about being excluded access to Tao's clubs, or being admitted only on the condition that he buy expensive table-service or liquor bottles, requirements he says are arbitrary and not applied to women or men of other races and nationalities (Malholtra is of Indian origin).

He advances four claims in his amended complaint, Dkt. 5. Count I asserts that Malholtra was denied full and equal enjoyment of the goods, services, and facilities of Tao's clubs based on national origin and color, in violation of 42 U.S.C. § 2000a. *Id.* ¶¶ 25–27. Count II doesn't explain what legal authority it is advanced under, but challenges Tao's "arbitrary and exclusionary pricing and entry policies," which Malholtra claims "disproportionately impact[] male patrons of color" and "were not applied uniformly across similarly situated guests." *Id.* ¶¶ 28–30. Count III is for intentional infliction of emotional distress. *Id.* ¶¶ 31–33. And Count IV generally asserts "constitutional violations" and is asserted under 42 U.S.C. § 1983. *Id.* ¶¶ 34–36. Malholtra seeks compensatory damages of "not less" than $80 million, and punitive damages of "not less" than $100 million.

Court I is dismissed without prejudice for failure to plead the exhaustion of remedies as set forth in defendants' memorandum of law in support of their motion to dismiss at pages 6–7. Dkt. 13. Malholtra does not allege or even argue in his briefing that he complied with this requirement. Malholtra cites "*Stevens v. D.C.*, 1998 U.S. Dist. LEXIS 15460 (D.D.C. 1998)" as excusing this exhaustion requirement, but the Court cannot locate this authority. Malholtra in his sur-reply brief recognized this "formatting mis-citation," Dkt. 20 at 1, and offered two additional authorities for this principle, but neither supports it. At most, they would arguably support "substantial compliance" with the exhaustion requirement as sufficing, *see Daigle v. Friendly Ice Cream Corp.*, 957 F. Supp. 8, 10-11 (D.N.H. 1997), but Malholtra's pleadings don't suggest any attempt at compliance.

Count II is dismissed without prejudice for failure to identify any cognizable cause of action. In his briefing, Malhotra gestures at some laws that could apply; Malholtra, a former attorney, should research precisely which laws he alleges were violated that he has a viable cause of action under, and he may assert those in an amended complaint.

Count III is dismissed with prejudice as the asserted facts plainly fail to satisfy the requirement for intentional-infliction claims that the conduct at issue be "extreme and outrageous," a standard that does not include being denied admittance to a nightclub. *Chanko v. Am. Broad. Cos. Inc.*, 27 N.Y.3d 46, 56 (2016).

Count IV is dismissed with prejudice for failure to allege that the "challenged conduct was attributable at least in part to a person acting under color of state law." *Haley v. Pataki*, 106 F.3d 478, 482 (2d Cir. 1997) (quoting *Dwares v. City of New York*, 985 F.2d 94, 98 (2d Cir. 1993)); Dkt. 13 at 13-14 (citing authorities for the proposition that liquor licensing and compliance with other regulations doesn't render a defendant's other acts under color of state law).

The complaint is dismissed without prejudice as to Counts I and II. On or before September 15, 2026, Malholtra, after considering the best use of his time and researching the facts and law, may file an amended complaint, but he should limit his complaint to those causes of actions that are viable and make sure to include true and accurate factual allegations that support those claims.

The Clerk of Court is respectfully directed to terminate Dkt. 11.

SO ORDERED.

Dated: August 6, 2026
New York, New York

ARUN SUBRAMANIAN
United States District Judge